UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIANNA COLEMAN, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GREENWOOD HOSPITALITY MANAGEMENT, LLC, <br><br> Defendant. | Case No. 1:21-cv-00806 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Defendant Greenwood Hospitality Management, LLC ( "Greenwood" or "Defendant"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Brianna Coleman's ("Plaintiff") Class Action Complaint.

## Introduction

Plaintiff, who waited more than three years after leaving her purported employment with Greenwood to file suit, seeks to advance class action claims against Greenwood for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14 *et seq.* ("BIPA" or the "Act"). Dkt. 1-1. Plaintiff alleges that Greenwood unlawfully collected, stored, and disclosed employees' biometric data without prior notice, consent, or a publicly available retention schedule. *Id.* at ¶¶ 64-91.

Plaintiff's BIPA claims should be dismissed by this Court in their entirety because they are barred by the applicable statute of limitations and are preempted by the Illinois Workers' Compensation Act, 820 ILCS 305 *et seq.* ("IWCA"). BIPA does not set forth a statute of

limitations, but closely analogous invasion-of-privacy claims are governed by a one-year limitations period, which should unequivocally apply here. Further, even if the Court should determine that the one-year limitations period does not apply to the present matter, Plaintiff's claims would nevertheless be barred by the two-year limitations period applicable to personal injuries and statutory penalties. Additionally, because Plaintiff's BIPA claims arose from and during the course of her alleged employment with Greenwood, her claims are preempted by the IWCA. For each of these independent reasons, as described in greater detail below, this Court should enter an Order dismissing Plaintiff's Class Action Complaint with prejudice.

## Relevant Background

Plaintiff's Complaint is one of a recent onslaught of class actions filed by employees against employers under BIPA following the Illinois Supreme Court's decision in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186 (Ill. Jan. 25, 2019). BIPA requires private entities possessing biometric data to publish written policies on data retention and destruction. 740 ILCS 14/15(a). It also requires private entities that "collect, capture, purchase, receive through trade, or otherwise obtain" a person's biometric data to: (1) inform the individual that the data is being collected or stored; (2) inform the individual of the purpose and length of the collection and storage; and (3) obtain written consent to collect the data. 740 ILCS 14/15(b). BIPA additionally prohibits certain private entities "in possession of" biometric date from selling and/or disclosing the data without consent or other authorization. 740 ILCS 14/15(c)-(d).

Plaintiff alleges that she was employed by Greenwood in 2016.[1] Dkt. 1-1, ¶ 41. During her employment, Plaintiff claims that Greenwood required her to scan her fingerprint so that

---

[1] In fact, Plaintiff worked at a hotel located at 9333 South Cicero in Oak Lawn, Illinois ("Hotel") through April 2017, but Plaintiff's inaccuracy in this regard is immaterial because she nevertheless filed her Complaint after the applicable limitations period ended, whether based upon her alleged separation date or otherwise. For purposes of this Motion, Plaintiff's Complaint allegation as to her 2016 employment at the Hotel will be assumed as true.

2

Greenwood could use that data as an authentication method to track her time and, in doing so, Greenwood stored Plaintiff's fingerprint data on its databases. Dkt. 1-1, ¶¶ 41-51. Plaintiff alleges that she and the putative class are purportedly entitled to recover statutory liquidated damages under BIPA. *Id.*

On January 7, 2021, Plaintiff filed a three-count class action complaint alleging Greenwood violated BIPA because it purportedly failed to: (1) maintain a publicly-available retention schedule for biometric identifiers and biometric information; (2) obtain written releases from Plaintiff and the putative class before it collected, used, and stored their biometric identifiers and biometric information; (3) inform Plaintiff and the putative class in writing that their biometric identifiers and biometric information were being collected and stored; and (4) inform Plaintiff and the putative class in writing of any potential disclosure of their biometric identifiers or biometric information. Dkt. 1-1, ¶¶ 64-91. On behalf of herself and a putative class, Plaintiff seeks: (1) injunctive and equitable relief; (2) statutory liquidated damages pursuant to 740 ILCS 14/20; and (3) attorneys' fees and costs. Dkt. 1-1, Prayer for Relief.

## Argument

### I. The Court Should Dismiss Plaintiff's Complaint As It Is Barred By A One-Year Statute Of Limitations For Privacy Claims.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may raise the statute of limitations in a motion to dismiss if the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "[D]ismissal under Rule 12(b)(6) is appropriate when a plaintiff effectively pleads himself out of court by alleging facts that are sufficient to satisfy a statute of limitations defense." *O'Pere v. CitiMortgage Bank, N.A.*, No. 14-cv-10230, 2015 WL 6859289, at *2 (N.D. Ill. Nov. 9, 2015); *see also Oechsle v. Biomet Microfixation, Inc.*, No. 13-cv-3918, 2013 WL 6068595, at *1 (N.D.

Ill. 2013) ("While a plaintiff need not anticipate or negate an affirmative defense in his complaint, a complaint may be dismissed for failure to state a claim if the allegations in the complaint show that the claim is barred by the applicable statute of limitations.") (Coleman, J.). Here, Plaintiff's allegations are such that she cannot avoid Greenwood's statute of limitations defense.

BIPA is silent on the applicable statute of limitations. Absent an explicit statute of limitations, this Court should apply the limitations period that governs the most analogous common law claim, or in this case, the one-year statute of limitations for privacy claims established by the common law and which is codified in 735 ILCS 5/13-201. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (providing for federal courts' deference to state supreme courts on issues of state law); *see also* 735 ILCS 5/13–201 ("Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."); *see also Doe A. v. Diocese of Dallas*, 234 Il.3d 393, 413 (Ill. 2009) ("The law is well established that the limitations period governing a claim is determined by the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises."); s*ee also Travelers Cas. & Sur. Co. v. Bowman,* 229 Ill.2d 461, 466 (Ill. 2008) (noting that the applicable statute of limitations is determined "by the type of injury at issue, irrespective of the pleader's designation of the nature of the action"), *citing Armstrong v. Guigler,* 174 Ill.2d 281, 286 (Ill. 1996)). Because Plaintiff does not allege any violation occurring after 2016, her claims are time-barred. Dkt. 1-1, ¶ 41.

### A. Privacy Claims in Illinois

The Illinois common law historically recognized four categories of prohibited conduct resulting in a violation of an individual's privacy: (1) the unreasonable intrusion upon the seclusion of another; (2) a public disclosure of private facts; (3) publicity that reasonably places another in

a false light before the public; and (4) an appropriation of another's name or likeness (commonly referred to as the "right of publicity"). *Ainsworth v. Century Supply Co.*, 295 Ill.App.3d 644, 648 (2nd 1998). In 1999, the Illinois legislature codified the common law right of publicity as the Right of Publicity Act (762 ILCS 1075/1 *et seq.*), leaving three common law privacy claims.

The Right of Publicity Act, like BIPA, does not explicitly contain a statute of limitations. Illinois courts, however, have held that the one-year statute of limitations that applied at common law (and is codified at 735 ILCS 5/13-201) still governs such privacy claims. *See Blair v. Nevada Landing P'ship*, 369 Ill.App.3d 318, 323 (2nd Dist. 2006) ("However, since the Right of Publicity Act completely supplanted the common-law tort of appropriation of likeness ... we find applicable the one-year statute of limitations that pertained to the common-law tort.") (internal citation omitted); *see also Juarez v. Ameritech Mobil Commc'ns, Inc.*, 746 F.Supp. 798, 806 (N.D. Ill. 1990), *aff'd* 957 F.2d 317 (7th Cir. 1992) ("Under Illinois law actions for alleged violations of a plaintiff's right of privacy must be commenced within one year after the cause of action accrues."). Notably, BIPA was modeled after the Right of Publicity Act and both statutes (1) regulate the use of an individual's private identifiers for commercial purposes or financial gain (*compare* 765 ILCS 1075/30(a) *to* 740 ILCS 14/15(c)); (2) require written consent prior to collecting/using an individual's private identifiers (*compare* 765 ILCS 1075/30(a) *to* 740 ILCS 14/15(b)(3)); and (3) regulate what happens to the private identifiers once the information is no longer needed and/or the individual in question is deceased (*compare* 765 ILCS 1075/25(a) *to* 740 ILCS 14/15(a)).

Parallel privacy rights have been held to a one-year statute of limitations. *See e.g.*, 735 ILCS 5/13-201 ("Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."). Illinois courts have similarly applied a one-year statute of limitations to the causes of action of public

disclosure of private facts (*Johnson v. Lincoln Christian College*, 150 Ill.App.3d 733, 745-746 (4th Dist. 1986)), the appropriation of name or likeness of another (*Leopold v. Levin*, 45 Ill.2d 434, 439, 444 (Ill. 1970)), and false-light publicity (*Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 104-105 (Ill. 1996)).

> **B.  The Illinois Legislature's Intent, Along With The Plain Text of BIPA As A Whole, Demonstrate That The Illinois Legislature Codified A Right Of Privacy In Personal Biometric Information.**

As an extension to the various privacy rights already recognized in the state, Illinois enacted BIPA in response to potential privacy risks associated with certain private entities' collection, possession, and use of individuals' biometric data. 740 ILCS 14/15; Dkt. 1-1, ¶¶ 5-7; *see Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30 (1st Dist. 2019) ("In short, [BIPA] is a privacy rights law that applies inside and outside the workplace."). BIPA's stated purpose is to protect the privacy of Illinois citizens' biometric information (hence the Act's name—Illinois Biometric Information Privacy Act) and prevent such information from getting into the wrong hands (*i.e.*, being published). Indeed, Plaintiff herself acknowledges throughout her Complaint that BIPA is a right of privacy claim. *See* Dkt. 1-1, ¶ 5 ("Defendant's use of this technology exposes Plaintiff and other employees to serious and irreversible privacy risks."); ¶ 8 ("[…] Defendant disregarded Plaintiff's and other similarly-situated employees' statutorily protected privacy rights […]"), ¶ 24 ("BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics […]").

To further its intent to codify BIPA as a right of privacy claim, the Illinois legislature included several provisions that are analogous to other right of privacy laws. For example, BIPA prohibits the dissemination (*i.e.*, publication) of biometric information without first obtaining consent. 740 ILCS 14/15(d). Analogously, the Right of Publicity Act states that "[a] person may

6

not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person." 765 ILCS 1075/30. Mirroring the Right of Publicity Act, BIPA similarly prohibits certain entities from using (*e.g.* "collect, capture, purchase, receive through trade or otherwise obtain") an individual's biometric data without having obtained prior written consent from an appropriate person. 740 ILCS 14/15(b). BIPA also prohibits certain entities from using an individual's biometric data for commercial purposes. 740 ILCS 14/15(c) ("No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information."). Given the parallels between BIPA and the recognized privacy rights in Illinois (including the Right of Publicity Act and other claims governed by 735 ILCS 5/13-201), the same one-year statute of limitations should apply. *See PSI Res., LLC v. MB Fin. Bank, Nat. Ass'n*, 2016 IL App (1st) 152204, ¶ 39 (1st Dist. 2016) ("Where two statutes of limitation arguably apply to the same cause of action, the one which more specifically relates to the action must be applied").[2]

### C. Plaintiff's BIPA Claim Is Barred By The One-Year Statute Of Limitations.

Generally, a cause of action accrues and the limitations period begins to run when facts exist that authorize one party to maintain an action against another. *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 278 (Ill. 2003); *Fetzer v. Wood*, 211 Ill.App.3d 70, 78 (2nd Dist. 1991). Indeed, a plaintiff's cause of action usually accrues at the time his or her interest is invaded, which in this case would be when Plaintiff purportedly began using Greenwood's timeclocks. *Bank of*

---

[2] To date, there is no Illinois Appellate Court authority on the statute of limitations governing BIPA claims. However, the issue of whether the one-year statute of limitations should apply here is presently before the First District Appellate Court in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-28-0563. For this reason (and others), Greenwood has filed, contemporaneous with this motion to dismiss, a motion to stay these proceedings pending the Illinois appeals court's determination of this issue.

*Ravenswood v. City of Chicago*, 307 Ill.App.3d 161, 167 (1st Dist. 1999). An exception to the general rule exists when the alleged conduct is repeated. *See Feltmeier*, 207 Ill.2d at 278; *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill.2d 325, 345 (Ill. 2002). Under the "continuing violation rule," where the claim involves a repeated violation, the limitations period does not begin to run until the date of the last purported conduct or the date the purported violations cease. *Feltmeier*, 207 Ill.2d at 278; *Belleville Toyota*, 199 Ill.2d at 345. A continuing violation is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. *Feltmeier*, 207 Ill.2d at 278.

Plaintiff alleged that, during her purported employment, Greenwood required her to scan her fingerprint so that Greenwood could use Plaintiff's fingerprint as an authentication method to track her time and, in doing so, Greenwood stored Plaintiff's fingerprint data on its databases. Dkt. 1-1, ¶¶ 41-51. Further, Plaintiff alleged that she was only employed by Greenwood "[t]hroughout most of 2016," and does not allege any subsequent conduct violating BIPA after her alleged employment ended. *See* Dkt. 1-1, *generally*. Accordingly, Plaintiff's cause of action became untimely, at the latest, in December 2017 (or April 2018, if relying upon Plaintiff's actual employment records). As such, the dismissal of Plaintiff's entire Complaint is warranted here. *See Sepmeyer v. Holman*, 162 Ill.2d 249, 254 (Ill. 1994) ("Our cases have been uniform in holding that the legislature lacks the power to reach back and breathe life into a time-barred claim."); *see also Clay v. Kuhl*, 189 Ill.2d 603, 609 (Ill. 2000) ("[U]nder Illinois law, the barring of an action by a statute of limitations creates a vested right in favor of the defendant, and the action cannot later be revived."); *see also Board of Education of Normal School District v. Blodgett*, 155 Ill. 441, 446 (Ill. 1895). Plaintiff's Complaint is time-barred by the one-year statute of limitations.

Furthermore, to the extent that Plaintiff asserts that publication is a required element in order for BIPA privacy claims to fall under 735 ILCS 5/13–201, such an argument misses the mark and is contrary to *Rosenbach*. The Illinois Supreme Court specifically held that BIPA codified that "individuals possess a right to privacy in and control over their biometric identifiers and biometric information," that the legislature's purpose in enacting BIPA was "try to head off such problems before they occur," and that "the point of the law" is to avoid "the substantial and irreversible harm that could result if biometric identifiers and information are not properly safeguarded[.]" *Rosenbach,* 2019 IL 123186, ¶¶ 33, 35-36. These statements by the Illinois Supreme Court, taken together, support the conclusion that the one-year limitations period is applicable to Plaintiff's BIPA claims. *See* 735 ILCS 5/13-201.

The Illinois Supreme Court's reasoning in *Rosenbach* presumes that the prevention of unauthorized publication is an integral part of BIPA's scheme—a conclusion grounded in the language of BIPA itself. First, BIPA's statement of intent announces that the Act is concerned with the potential publication of biometric data because it recognizes that the harm associated with the use of biometric data is that if the information is compromised, it cannot be replaced. *See* 740 ILCS 14/5(c). Second, each aspect of Section 15 of BIPA relates to the publication or potential publication of biometric data. Section 15(c) restricts the ability to "sell, lease, trade, or otherwise profit from" a person's biometric information. Section 15(d) places restrictions on the publication of biometric data to third parties. Sections 15(a) (publicly available retention schedule), (b) (prior written consent), and (e) (protection from disclosure) involve publication because they regulate or prevent the potential publication of biometric data. Third (as Plaintiff admits in her Complaint), BIPA's legislative history shows that BIPA was enacted because of a concern with Pay By Touch potentially disclosing the biometric data of thousands of

9

FP 39397234.2

Illinois residents. Dkt. 1-1, ¶ 15. Thus, the "publication" of biometric data underlies every claim pursuant to BIPA, requiring that the one-year limitations period applicable to privacy claims be applied.

Any analysis to the contrary would read the Illinois Supreme Court's own reasoning out of *Rosenbach*. The Illinois Supreme Court held that BIPA concerns an individual's "right to privacy in ***and control over*** their biometric identifiers and biometric information." *Rosenbach,* 2019 IL 123186, ¶ 33 (emphasis added); *see also* 740 ILCS 14/5(c) (expressing concern about sensitive data "being compromised") and (g) (identifying one purpose of BIPA being the "handling" of biometric information). The emphasized language from the Illinois Supreme Court is critical because it acknowledges that the rights created by BIPA concern control and possession (*i.e.*, publication and the prevention thereof). The Illinois Supreme Court's own language demonstrates that BIPA is subject to a one-year limitations period, requiring the dismissal of Plaintiff's Complaint.

## II. Alternatively, the Court Should Dismiss Plaintiff's Complaint As It Is Also Barred By A Two-Year Statute Of Limitations.

Greenwood submits that the one-year statute of limitations should govern here. But, in the event that the one-year statute is held not to apply, Plaintiff's Complaint is nevertheless still barred by a two-year statute of limitations period. *See* 735 ILCS 5/13-202 ("Actions for damages for ***injury to the person***, or for false imprisonment, or malicious prosecution, ***or for a statutory penalty*** … shall be commenced within 2 years next after the cause of action accrued[.]") (emphasis added). Two independent grounds support the application of a two-year limitations period: (1) lawsuits pursuant to BIPA are for remedies based on alleged personal injuries and (2) BIPA imposes statutory penalties without regard to the actual damages suffered by Plaintiff.

10

As to the first ground, BIPA remains an action for personal injury despite being of statutory origin. *See Neikirk v. Cent. Illinois Light Co.*, 128 Ill.App.3d 1069, 1072 (3rd Dist. 1984) ("The fact that the alleged cause of action was statutory in origin does not remove plaintiff's personal injury claim from the purview of section 13–202, and thus, the civil action here is provided for by a specific limitation provision."); *see also* Dkt. 1-1, ¶ 48 ("Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's multiple violations of BIPA alleged herein."). Moreover, injuries need not be physical in order to be "personal injuries" that are nevertheless governed by a two-year limitations period. *See Dahl v. Fed. Land Bank Assn. of W. Illinois*, 213 Ill.App.3d 867, 872 (3rd Dist. 1991) ("In our view, intentional infliction of emotional harm is a species of 'injury to the person,' and is therefore governed by the limitation period set out in section 13-202 of the Code of Civil Procedure."); *see also Pavlik v. Kornhaber*, 326 Ill.App.3d 731, 761 (1st Dist. 2001) (same). BIPA is, therefore, an "action for damages for an injury to the person," which is under the purview of a two-year limitations period. 735 ILCS 5/13-202; *see also* 740 ILCS 14/5(g) (noting that BIPA was designed to protect "public welfare, security and safety"); *see also Rosenbach*, 2019 IL 123186, ¶ 34 (noting that injuries pursuant to BIPA are "real and significant"). Accordingly, Plaintiff's claims are, at minimum, barred by a two-year statute of limitations, and the Court should dismiss the Complaint.

Turning to the second ground, causes of action that impose statutory penalties must be filed within two years of the accrual of the claim. 735 ILCS 5/13-202. A "statutory penalty" is one that "(1) impose[s] automatic liability for a violation of its terms; (2) set[s] forth a predetermined amount of damages; and (3) impose[s] damages without regard to the actual damages suffered by the plaintiff." *Landis v. Marc Realty, LLC*, 235 Ill.2d 1, 13 (Ill. 2009). All of these factors are present here. It is undisputed that an individual need not establish (or even allege) actual harm in

11

order to assert a cognizable claim pursuant to BIPA. *See Rosenbach*, 2019 IL 123186, ¶ 28; *see also* Dkt. 1-1, Prayer for Relief (seeking statutory liquidated damages). Plaintiff has pled automatic liability for the alleged violation of BIPA's terms, a liquidated sum in the predetermined amount of either $1,000 or $5,000 per violation. Dkt. 1-1, Prayer for Relief; *see also* 740 ILCS 14/20 (identifying sums of liquidated damages). For this reason also, a two-year limitations period applies and the Court should dismiss Plaintiff's Complaint.[3]

### III. The Court Should Dismiss Plaintiff's Complaint As It Is Preempted By The Illinois Workers' Compensation Act.

The IWCA preempts Plaintiff's claim for damages under BIPA.[4] The IWCA created a system where "[i]n exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations for "[injuries] . . . arising out of and in the course of employment." *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶ 12 (Ill. 2015).[5] "As part of this 'balancing,' the [IWCA] further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if he sustains a compensable injury." *Sharp v. Gallagher,* 95 Ill.2d 322, 326 (Ill. 1983), *citing McCormick v. Caterpillar Tractor Co.*, 85 Ill.2d 352, 356 (Ill. 1981); *see also Cooley v. Power Constr. LLC,* 2018 IL App (1st) 171292, ¶ 12 (1st Dist. 2018) ("Employees that are injured at work do not have a cause of action against their employer, and their exclusive remedy is to apply for benefits under the [IWCA]."); *see also* 820 ILCS § 305/5(a) (setting forth exclusivity provision);

---

[3] As noted in FN 2 above, no Illinois Appellate Court has weighed in on the applicable limitations period for BIPA claims. In addition to the *Tims* appeal currently pending, there is another case pending before the Third District Appellate Court—*Marion v. Ring Container Tech., LLC,* Case No. 3-20-0184—in which the appeals court will be addressing whether a one, two or five-year statute of limitations should apply to claims brought under BIPA. The *Marion* appeal is also referenced in the stay motion being filed by Greenwood contemporaneous with this motion.

[4] Greenwood acknowledges the Illinois Appellate Court's ruling in *McDonald v. Symphony Bronzeville Park LLC*, 2020 IL (1st) 192398 (1st Dist. 2020) as to the IWCA's preemption of BIPA claims. However, the Illinois Supreme Court has recently granted the appellant's petition for certiorari concerning this issue. *See McDonald v. Symphony Bronzeville Park LLC*, 2021 WL 6411712 (Ill. Jan. 27, 2021). The Illinois Supreme Court's current consideration of IWCA preemption is referenced in the contemporaneously-filed motion to stay.

[5] Greenwood acknowledges *Treadwell v. Power Solutions International, Inc.*, 427 F.Supp.3d 984 (N.D. Ill. 2019), but submits it arrives at an incorrect conclusion as to the IWCA for the reasons stated herein.

FP 39397234.2

*see also* 820 ILCS § 305/11 (similar). The policy reasons for IWCA exclusivity are manifest: the workers' compensation system "acts as a form of insurance, providing for liability without fault on the part of the employer in return for relief from the prospect of large damage claims." *Wielgus v. Ryobi Techs., Inc.,* 875 F.Supp.2d 854, 860 (N.D. Ill. 2012) (internal quotation omitted), *citing Incandela v. Giannini*, 250 Ill.App.3d 23 26-27 (2nd Dist. 1993); *see also Sims v. Teepak, Inc.,* 143 Ill.App.3d 865, 868-69 (4th Dist. 1986) (noting that the "'exclusive remedy' provision is an essential element of the comprehensive workers' compensation scheme").

The IWCA exclusivity provision applies to Plaintiff's claim because that provision specifically states that an employee has "[n]o common law ***or statutory right*** to recover damages from the employer . . . for injuries incurred in the course of his employment." 820 ILCS § 305/5(a) (emphasis added); *see also Richardson v. Cnty. of Cook.,* 250 Ill.App.3d 544, 547 (1st Dist. 1993). Indeed, the Illinois Supreme Court has explained "[t]he language of the [exclusivity] section, read alone, leaves no room for construction [because] it bars ***any*** 'statutory right to recover damages for injury.'" *See Gannon v. Chicago, M., St. P&P Ry. Co.,* 13 Ill.2d 460, 463 (Ill. 1958) (holding that the IWCA preempts employee claim brought under a statute); *see also Vacos v. LaSalle Madison Hotel Co.,* 21 Ill.App.2d 569, 572 (1st Dist. 1959) (affirming preemption of statutory damages claim under the Dram Shop Act; the "clear language of [Section (a)] bars any right . . . to recover" outside the IWCA); *see also Carey v. Coca-Cola Bottling Co. of Chicago,* 48 Ill.App.3d 482, 484 (2nd Dist. 1977) (affirming dismissal of employee's Structural Work Act claims); *see also Laird v. Baxter Health Care Corp.,* 272 Ill.App.3d 280, 285 (1st Dist. 1994) *as modified* (May 22, 1995) (statutory wrongful death preempted because under the IWCA, "an employer incurs liability, without fault, to an employee who is accidentally injured on the job. In exchange, the employee loses the right to bring any common law or statutory cause of action

13

against the employer."). To circumvent this exclusivity rule, Plaintiff must demonstrate that her injury: (1) was not accidental; (2) did not arise from her employment; (3) was not received during the course of her employment; or (4) is not compensable under the IWCA. *Nischan v. Stratosphere Quality, LLC,* 865 F.3d 922, 934 (7th Cir. 2017); *see also Baylay v. Etihad Airways PJSC,* 881 F.3d 1032, 1039 (7th Cir. 2018) (plaintiff bears the burden of establishing exception to IWCA exclusivity provision). No exception to exclusivity applies here.

### A. Plaintiff's Alleged Injury Is "Accidental" For Purposes Of Determining Workers' Compensation Exclusivity.

To the extent Plaintiff has suffered an "injury" from placing her finger on a finger scanner, her injury is "accidental" because her Complaint does not allege facts plausibly suggesting Defendant acted "willfully." Even if the Complaint did contain such facts, courts have construed the term "accidental . . . to be a comprehensive one that is 'almost without boundaries," such that it includes "willful and wanton" conduct, and all other conduct except that where the "employer [] acted deliberately and with specific intent to injure the employee." *Baylay,* 222 F.Supp.3d at 704, *aff'd,* 881 F.3d at 1032; *Garland v. Morgan Stanley & Co.,* 2013 IL App (1st) 112121, ¶ 29 (1st Dist. 2013); *Copass v. Ill. Power Co.,* 211 Ill.App.3d 205, 214 (4th Dist. 1991); *see also Mayfield v. ACME Barrel Co.,* 258 Ill.App.3d 32, 35 (1st Dist. 1994). Because there are no allegations that Greenwood allegedly implemented its timekeeping system with the specific intent of injuring Plaintiff, Plaintiff's "injury" is accidental, and she cannot establish that the first exception to exclusivity applies. *See Baylay,* 222 F.Supp.3d at 704, *aff'd,* 881 F.3d at 1032 ("Both an employee's claim of employer negligence and a claim of employer willful and wanton conduct fall within the definition of 'accidental' and are preempted" by the IWCA."); *see also Lannom v. Kosco,* 158 Ill. 2d 535, 541 (1994) (same).

14

### B. Plaintiff's Alleged Injury Arose Out Of, And During The Course Of, Her Alleged Work at Greenwood, Thus It Is "Compensable" Under The IWCA.

Plaintiff admits that her alleged injuries arose out of, and occurred during the course of, her alleged work at Greenwood, which in turns means that her injury is "compensable," as ample Illinois Supreme Court precedent confirms. *See* Dkt. 1-1, ¶¶ 41-51; *see also Folta,* 2015 IL 118070, at ¶¶ 18-30 (broadly construing exclusivity provisions of IWCA to hold that an injury will be found to be "compensable under the [IWCA]" when it "aris[es] out of and in the course of employment"); *see also Pathfinder Co. v. Industrial Comm'n,* 62 Ill.2d 556, 563 (Ill. 1992); *see also Unger v. Continental Assurance Co.,* 107 Ill.2d 79, 85 (Ill. 1985); *see also Richardson,* 250 Ill.App.3d at 548 ("Rather, an injury is compensable under the [IWCA] if it was sustained during the course of employment and arose from that employment."). Thus, because Plaintiff's injury is not excepted from the exclusivity provision of the IWCA, her BIPA claims (and, therefore, her entire Complaint) should be dismissed with prejudice.

### Conclusion

For all the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because the allegations on their face demonstrate that her BIPA claims are time-barred by the applicable one-year statute of limitations; or, alternatively, her claims are time-barred by the two-year statute of limitations. Further, Plaintiff's Complaint is preempted in its entirety by the Illinois Workers' Compensation Act.

*Signature page to follow*

Dated: March 12, 2021                          Respectfully submitted,

                                                                */s/ Kevin S. Simon*
                                                                 One of the Attorneys for Defendant

Kevin S. Simon
Franklin Z. Wolf
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
ksimon@fisherphillips.com
fwolf@fisherphillips.com

FP 39397234.2

## CERTIFICATE OF SERVICE

I, Kevin S. Simon, hereby certify that I caused a true and correct copy of the foregoing **Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)** to be served upon the following via the CM/ECF electronic filing system on March 12, 2021:

James B. Zouras
Ryan F. Stephan
Anna M. Ceragioli
Paige L. Smith
Stephan Zouras, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.com
psmith@stephanzouras.com

Dated: March 12, 2021                                         Respectfully submitted,


                                                              */s/ Kevin S. Simon*
                                                              One of the Attorneys for Defendant
                                                              Greenwood Hospitality Management, LLC

Kevin S. Simon
Franklin Z. Wolf
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
ksimon@fisherphillips.com
fwolf@fisherphillips.com