**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRIANNA COLEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREENWOOD HOSPITALITY MANAGEMENT, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:21-cv-00806

Hon. Sharon Johnson Coleman

**PLAINTIFF'S COMBINED RESPONSE TO DEFENDANT GREENWOOD**
**HOSPITALITY MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFF'S**
<u>**CLASS ACTION COMPLAINT AND MOTION TO STAY PROCEEDINGS**</u>

Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
Paige L. Smith
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550 | 312.233.1560 ƒ
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.com
psmith@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF**
**AND THE PUTATIVE CLASS**

<u>**TABLE OF CONTENTS**</u>

I.      INTRODUCTION ...................................................................................1

II.     RELEVANT BACKGROUND ................................................................1

III.    LEGAL STANDARD ...........................................................................3

IV.     ARGUMENT .......................................................................................3

        A.      Plaintiff's Claims Are Timely. ................................................3

                1.      A Five-Year Statute of Limitations Applies to Plaintiff's Claims. ........4

                2.      Plaintiff's BIPA Claims Are Not Privacy Claims As Contemplated by 735 ILCS 5/13-201. ................................................5

                3.      Plaintiff's Claims Are Likewise Not Governed By A Two-Year Statute of Limitations. .......................................................8

                4.      Plaintiff's Claims Are Timely. ...............................................11

        B.      Plaintiff's Injury Is Not A "Compensable Injury" And Thus Not Preempted By The Workers' Compensation Act. ............................................................12

        C.      A Stay Is Unwarranted, Given Defendant's Purported Justification for a Stay is Dramatically Outweighed By the Prejudice Plaintiff Would Suffer ...13

V.      CONCLUSION ...................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*AAR Aircraft & Engine Group, Inc. v. Edwards*,
   272 F.3d 468 (7th Cir. 2001) .................................................................. 12

*Armstrong v. Guigler*,
   174 Ill. 2d 281 (1996) ........................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................... 3

*Benitez v. KFC Nat. Mgmt. Co.*,
   305 Ill. App. 3d 1027 (1999) ................................................................. 5

*Blair v. Nev. Landing P'ship*,
   369 Ill. App. 3d 318 (2006) ................................................................... 6

*Bourgonje v. Machev*,
   362 Ill. App. 3d 984 (1st Dist. 2005) ..................................................... 9

*Bryson v. News America Publications, Inc.*,
   174 Ill. 2d 77 (1996) ............................................................................. 7

*Burlinski v. Top Golf USA Inc., et al.*,
   2021 WL 425111 (N.D. Ill. Feb. 4, 2021) ............................................ 15

*Burlinski v. Top Golf*,
   2020 WL 5253150 (N.D. Ill. Sept. 3, 2020) ........................................ 13

*Cothron v. White Castle Sys.*,
   467 F. Supp. 3d 604, 616 (N.D. Ill. 2020) ........................................... 13

*Cothron v. White Castle Sys.*,
   477 F. Supp. 3d 723, 732 (N.D. Ill. 2020) ..................................... 11, 12

*Daewoo Int'l v. Monteiro*,
   2014 IL App (1st) 140573....................................................................... 14

*Davies ex. Rel. Harris v. Pasamba*,
   2014 IL App (1st) 133551....................................................................... 15

*Derfus v. City of Chicago*,

42 F. Supp. 3d 888 (7th Cir. 2014) ...................................................................... 3

*Glick v. Koenig*,
766 F.2d 265 (7th Cir. 1985) ........................................................................ 15

*Gray v. Gray*,
6 Ill. App. 2d 571, 578-79 (1955) ................................................................. 14

*Heim v. Herrick*,
344 Ill. App. 3d 810 (4th Dist. 2003).......................................................... 15

*Italia Foods, Inc. v. Sun Tours, Inc.*,
399 Ill. App. 3d 1038, 1065–66 (2d Dist. 2010)........................................... 10

*Johnson v. Lincoln Christian Coll.*,
150 Ill. App. 3d 733 (4th Dist. 1986).............................................................. 6

*Johnson v. Northshore Univ. Judge Presiding Healthsystem*,
No. 1-10-0399, 2011 WL 10069086 (Ill. App. Ct. Mar. 31, 2011) ...................... 4, 5

*Kaden v. Pucinski*,
263 Ill. App. 3d 611 (1st Dist. 1994) ............................................................ 14

*Killian v. Concert Health Plan*,
742 F.3d 651 (7th Cir. 2013) .......................................................................... 5

*Landis v. Marc Realty, LLC*,
235 Ill. 2d 1 (2009) ........................................................................................ 9

*Landis v. North American Co.*,
299 U.S. 248 (1936)...................................................................................... 14

*Lenoir v. Little Caesar Ent., Inc.*,
2020 WL 4569695 (N.D. Ill. Aug. 7, 2020) .................................................. 13

*May v. SmithKline Beecham Clinical Labs., Inc.*,
304 Ill. App. 3d 242 (5th Dist. 1999)............................................................ 14

*McDonald v. Symphony Bronzeville Park, LLC, et al.*,
2020 IL App (1st) 192398.............................................................................. 12

*McDonald's Corp. v. Levine*,
108 Ill. App. 3d 732 (1982) ............................................................................ 5

*Miller v. Motorola*,
202 Ill. App. 3d 976 (1990) ............................................................................ 7

*Mintun v. Kenco Logistics Servs. LLC*,
    2020 WL 1700328 (C.D. Ill. Apr. 7, 2020) .................................................... 13, 15

*Moorman Mfg Co. v. National Tank Co.*,
    91 Ill. 2d 69 (1982) ................................................................................................ 9

*Patel v. Facebook, Inc.*,
    290 F. Supp. 3d 948 (N.D. Cal. 2018) ................................................................. 11

*Peatry v. Bimbo Bakeries USA, Inc.*,
    2020 WL 919202 (N.D. Ill. Feb. 26, 2020) ......................................................... 13

*People ex rel. Ill. Dep't of Labor v. Tri State Tours, Inc.*,
    342 Ill. App. 3d 842 (1st Dist. 2003) .................................................................... 4

*Platt v. Brown*,
    872 F.3d 848 (7th Cir. 2017) .................................................................................. 3

*Rosenbach v. Six Flags Entm't Corp.*,
    2019 IL 123186 ............................................................................................... passim

*Scott v. Ass'n for Childbirth at Home, Int'l*,
    88 Ill. 2d 279 (1981) ............................................................................................... 9

*Seaman v. Thompson Elecs. Co.*,
    325 Ill. App. 3d 560 (3d Dist. 2001) ...................................................................... 4

*Sherman v. Brandt Indus. USA LTD.*,
    2020 WL 6685701 (N.D. Ill. Nov. 12, 2020) ....................................................... 13

*Snider v. Heartland Beef*,
    479 F. Supp. 3d 762 (C.D. Ill. 2020) ................................................................... 13

*Standard Mut. Ins. Co. v. Lay*,
    2013 IL 114617 .................................................................................................. 9, 10

*Sternic v. Hunter Props., Inc.*,
    344 Ill. App. 3d 915 (1st Dist. 2003) .................................................................. 10

*Swanson v. Citibank, N.A.*,
    614 F.3d 400 (7th Cir. 2010) .................................................................................. 3

*Trans States Airlines v. Pratt & Whitney Can.*,
    86 F.3d 725 (7th Cir. 1996) .................................................................................... 9

*Travelers Cas. & Sur. Co. v. Bowman,*
   229 Ill. 2d 461 (2008) ........................................................................... 7

*Treadwell v. Power Sols. Int'l, Inc.,*
   427 F. Supp. 3d 984 (N.D. Ill. 2019) .................................................... 13

*Webb v. CBS Broad. Inc.,*
   No. 08 C 6241, 2009 WL 1285836 (N.D. Ill. May 7, 2009) .................... 8

*Wordlaw v. Enter. Leasing Co. of Chicago, LLC,*
   2020 WL 7490414 (N.D. Ill. Dec. 21, 2020) .......................................... 13

**Statutes**
Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ................ 10

735 ILCS 5/13-201 ........................................................................... 5, 7

735 ILCS 5/13-202 ............................................................................... 8

735 ILCS 5/13-205 ............................................................................... 4

Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* ..................... passim

Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq.* ............................. 6

**Other Authorities**
*Black's Law Dictionary* (10th ed. 2014) ...................................................... 7

## I.    INTRODUCTION

Defendant Greenwood Hospitality Management, LLC ("Defendant" or "Greenwood") brings two motions plainly calculated to needlessly delay these proceedings. In its Motion to Dismiss, Greenwood asserts two arguments, both of which have been rejected by courts throughout Illinois and likewise fall flat here. First, Defendant asserts that Plaintiff Brianna Coleman's ("Plaintiff" or "Coleman") Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, claims are time-barred, contending that a one- or two-year statute of limitations governs Plaintiff's claims. Defendant's argument is unfounded, as the applicable statute of limitations on BIPA claims is five years. Second, Defendant claims, contrary to binding Illinois Appellate Court precedent and an unbroken line of trial court decisions, the Illinois Workers' Compensation Act does not preempt BIPA claims. For these reasons and those set forth below, Defendant's Motion to Dismiss should be denied.

While simultaneously – and inconsistently – seeking dismissal, Greenwood also seeks to stay these proceedings by virtue of the pendency of a number of appeals which could take well in excess of a year to resolve. As the prejudice to Plaintiff far outweighs any potential risk of prejudice to Greenwood, a stay is not warranted. For these reasons and those set forth below, Defendant's Motion to Dismiss and Motion to Stay should be denied.

## II.    RELEVANT BACKGROUND

Plaintiff filed this class action against Greenwood to redress its unlawful collection, obtainment, use, storage, and disclosure of its employees' biometric identifiers and biometric information (hereinafter, "biometric data") under BIPA. (*See* D.E. 1-1, Class Action Complaint ("Compl."). In her Complaint, Plaintiff provided detailed allegations that Defendant's hourly employees were universally required to scan their fingerprints to enroll in Defendant's system as

a condition of their employment, but were not: (1) provided a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendant, as required by BIPA; (2) informed in writing of the purpose(s) and length of time for which fingerprint data is being collected, stored, and used by Defendant; (3) provided (nor did they execute) a written release for Defendant in order to collect, store, or use their fingerprints, as required by BIPA; or (4) asked for consent before disclosing, redisclosing, or otherwise disseminating their biometric data to a third party, as required by BIPA. (*Id.* ¶¶ 2-3, 8, 27-38, 42-47, 70-71, 79-81, 89-90.)

Plaintiff worked for Defendant at the Hilton Chicago/Oak Lawn, located at 9333 South Cicero Ave., Oak Lawn, Illinois 60453, throughout 2016 as a housekeeper. (*Id.* ¶ 41.) As a condition of employment, Plaintiff was required to scan her fingerprint each time she clocked in and out of work. (*Id.* ¶¶ 3, 28-29, 42.) Defendant subsequently stored Plaintiff's fingerprint data in their database(s). (*Id.* ¶¶ 2, 43.)

Defendant failed to inform Plaintiff and other employees of the extent of the purposes for which they collect and obtain individuals' sensitive biometric data or to whom the data is disclosed. (*Id.* ¶¶ 8, 33, 37-38, 44-45, 80.) Defendant failed to develop and adhere to a written, publicly available policy identifying their retention schedules and guidelines for permanently destroying individuals' biometric data when the initial purpose for collecting or obtaining their biometric data is no longer relevant, as required by BIPA. (*Id.* ¶¶ 8, 34, 36, 38, 44, 46, 70-71.) Defendant's employees, including Plaintiff, are not told what might happen to their biometric data if and when any Defendant merges with another company or, worse, if and when Defendant's business folds. (*Id.* ¶ 37.) Because Defendant neither publishes a BIPA-mandated data retention policy nor discloses the purposes for their collection of biometric data, employees, including Plaintiff, have no idea to whom Defendant sells, discloses, re-discloses, or otherwise disseminates their biometric

data, or whether Defendant has destroyed Plaintiff's or similarly situated employees' biometric data. (*Id*. ¶¶ 8, 38.) Nor are employees told to whom Defendant currently discloses their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. *Id*. Finally, Defendant never secured informed consent from any of their employees, including Plaintiff, permitting it to collect, obtain, store, and use or disseminate employees' biometric data, as required by BIPA. (*Id*. ¶¶ 8, 33, 35, 44, 47, 79-80, 89.)

## III.    LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a plaintiff's complaint, not decide the merits of the case. *Derfus v. City of Chicago*, 42 F. Supp. 3d 888, 893 (7th Cir. 2014). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). Courts must deny a defendant's motion to dismiss pursuant to Rule 12(b)(6) if the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("plaintiff must give enough details about the subject-matter of the case to present a story that holds together").

## IV.    ARGUMENT

### A.    Plaintiff's Claims Are Timely.

Greenwood first contends that Plaintiff's claims are untimely, arguing that they are governed by either a one- or two-year statute of limitations. (D.E. 17, Def.'s Mem., at *3-10.) Defendant is wrong. As virtually every court to have considered the issue has held, the limitations

period applicable to BIPA claims is five years. (*See* Group Exhibit A.) Because Plaintiff filed her Complaint within the applicable limitations period, her claims are timely, and Defendant's motion should be denied.

### 1. A Five-Year Statute of Limitations Applies to Plaintiff's Claims.

Where a statute does not provide for a limitations period, and no other limitations period applies, it is subject to the default, "catch-all" five-year limitations period under 735 ILCS 5/13-205. *See Johnson v. Northshore Univ. Judge Presiding Healthsystem*, No. 1-10-0399, 2011 WL 10069086, at *2 (Ill. App. Ct. Mar. 31, 2011) (quoting 735 ILCS 5/13-205). Section 13-205 of the Illinois Code of Civil Procedure states, "[A]ll civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205. Because BIPA does not include its own express statute of limitations, Plaintiff's claims fall under Illinois' five-year limitations period unless a more specific statute applies.

Courts have similarly applied the five-year, catchall limitations period to other Illinois statutes that do not provide for a specific limitations period. For example, an Illinois Appellate Court held that "the five-year 'catchall' period applies" to claims brought pursuant to the Illinois Prevailing Wage Act, reasoning that the law is "silent" as to the applicable limitations period. *Seaman v. Thompson Elecs. Co.*, 325 Ill. App. 3d 560, 565 (3d Dist. 2001). Likewise, in the context of the Illinois Wage Payment and Collection Act (before statutory amendments added a ten-year limitation period), courts held that, "because the Act does not provide for a statute of limitations, the five year 'catch-all' limitations period found in section 13-205 is applicable." *People ex rel. Ill. Dep't of Labor v. Tri State Tours, Inc.*, 342 Ill. App. 3d 842, 848 (1st Dist. 2003). Similarly, the Seventh Circuit found that "[b]ecause the Illinois Family Medical Expense Act does not have

its own statute of limitations, the catch-all five-year limitation period applies." *Killian v. Concert Health Plan*, 742 F.3d 651, 687 (7th Cir. 2013).

As BIPA does not include its own specified statute of limitations period, and, as explained in Section IV.A.2.-3., *infra*, Greenwood fails to demonstrate that a more specifically applicable statute of limitations applies, Plaintiff's claims fall under Illinois's default, five-year limitation.

### 2. Plaintiff's BIPA Claims Are Not Privacy Claims As Contemplated by 735 ILCS 5/13-201.

In an effort to squeeze Plaintiff's claims into a truncated limitations period, Greenwood first argues that the one-year limitations period "governing privacy claims" applies. (D.E. 17, at *6; *see also* 735 ILCS 5/13-201.) Defendant contends that that the one-year statute of limitations period set forth in 735 ILCS 5/13-201 generally applies to "parallel privacy claims," and because BIPA broadly protects privacy rights, as recognized by the Illinois Supreme Court in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, a one-year statute of limitations is the applicable limitations period governing BIPA claims. (D.E. 17, at *3-8.) Defendant's misguided contentions are red herrings.

By its express terms, Section 13-201 does not encompass all privacy claims. Rather, privacy-related claims subject to the one-year limitations period must include a "publication" element. *See* 735 ILCS 5/13-201. The "publication" element is "crucial" because "the plain language of section 13-201 indicates that the one-year statute of limitations governs *only* libel, slander and privacy torts *involving publication*." *Benitez v. KFC Nat. Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (1999) (emphasis added); *see also Johnson*, 2011 WL 10069086, at *3 (following *Benitez*); *McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 737 (1982) (refusing to apply a one-year statutory period to privacy claim under the Illinois Eavesdropping Act, which did not allege the defendant's publication of material).

5

For this reason, BIPA is plainly distinguishable from the publication-dependent privacy laws that Greenwood maintains are "parallel" to BIPA, such as the Illinois Right of Publicity Act ("IRPA"), which "replaced the common-law tort of appropriation of likeness" and applies the Section 13-201 one-year limitations period. *Blair v. Nev. Landing P'ship*, 369 Ill. App. 3d 318, 323 (2006). Greenwood ignores key factors that distinguish the statutes.[1] Unlike BIPA claims, the IRPA requires a plaintiff to allege the "public use or holding out" of his or her identity. 765 ILCS 1075/5, 30; *see also Blair*, 369 Ill. App. 3d at 323 (citing 765 ILCS 1075/60) ("[S]ince the [IRPA] completely supplanted the common-law tort of appropriation of likeness[], we find applicable the one-year statute of limitations that pertained to the common-law tort"). Not only is BIPA a creature of statutory creation rather than a codification of a common law right, BIPA, unlike the IRPA, lacks a publication element. Defendant's other examples likewise fail to offer support for its position. (D.E. 17, at *6). Public disclosure of private facts, the appropriation of name or likeness of another, and false-light publicity are all properly categorized as common law privacy claims involving publication. *Johnson v. Lincoln Christian Coll.*, 150 Ill. App. 3d 733, 746 (4th Dist. 1986) (claims governed by the plain language of section 13-201, "which expressly refers to ***publication*** of matter violating the right of privacy"); *Bryson v. News America Publications, Inc.*,

---

[1] Citing no authority, Greenwood suggests that BIPA was "modeled after" the IRPA. (D.E. 17, at *5.) Nothing in BIPA's legislative history or in the statutory text indicates that legislators looked to the IRPA in drafting BIPA. Specifically, while BIPA broadly regulates use of biometric data (public and private), granting additional claims to individuals where private entities profit off their biometric data, *see* 740 ILCS 14/15(c), the IRPA regulates publication of an individual's identity "for a commercial purpose." 765 ILCS 1075/30(a). Further, while BIPA grants individuals a cause of action if their biometric data is possessed after its purpose expires, 740 ILCS 14/15(a), the IRPA provides for termination of individuals' statutory rights. 765 ILCS 1075/25. By Defendant's logic, any informed consent privacy statute is necessarily "modeled after" the IRPA. That both statutes require an entity to obtain consent does not mean that they regulate the same conduct, or that one was modeled after the other.

174 Ill. 2d 77, 104 (1996) (finding causes of action for false light accrued when defamatory article was **_published_** in a magazine).[2]

The Illinois Supreme Court has cautioned "that in determining the applicable statute of limitations, the focus of [the court's] inquiry is on the nature of the liability." *Travelers Cas. & Sur. Co. v. Bowman*, 229 Ill. 2d 461, 469 (2008) (quoting *Armstrong v. Guigler*, 174 Ill. 2d 281, 291 (1996)). Black's Law Dictionary defines "publication" as "the act of declaring or announcing **_to the public_**." *Black's Law Dictionary* (10th ed. 2014) (emphasis added). "Publication" for purposes of Section 13-201 has been held to mean dissemination of private information to the public writ large, or to specific people close to the plaintiff in such a way that would cause him or her embarrassment (*e.g.*, friends and neighbors). *See Miller v. Motorola*, 202 Ill. App. 3d 976, 980 (1990) (quoting Restatement (Second) of Torts § 652D, comment a, at 384-85 (1977). That BIPA broadly protects privacy rights does not bring it within the confines of the short one-year statute of limitations period, which, unlike here, only applies when information is "published."

Inexplicably, Defendant contends that *Rosenbach* demonstrates that publication is not a required element in order for a privacy claim to fall under 735 ILCS 5/13-201. (D.E. 17, at *9.) Defendant's argument contorts the plain language of both Section 13-201 and BIPA. That the motivating purpose of BIPA was to protect the rights of Illinois in their biometric data and mitigate "the substantial and irreversible harm that could result if biometric identifiers and information are not properly safeguarded" does not support the conclusion that the entire statute authorizes actions for publication of a matter violating the right of privacy, subject to Section 13-201. *See Rosenbach*, 2019 IL 123186, ¶ 36; 740 ILCS 14/1, *et seq.*

---

[2] Defendant also cites *Leopold v. Levin*, 45 Ill. 2d 434, 439, 444 (1970) to support its argument that courts have applied the one-year statute of limitations in unrelated privacy contexts which have no bearing on Plaintiff's BIPA claims.

Defendant goes on to argue, in a conclusory fashion, that publication underlies each BIPA claim in Section 15, which is simply false. (D.E. 17, at *9.) Preventing publication of biometric data is but one of many evils the legislature sought to curb in enacting BIPA, but BIPA itself does not involve the publication of biometric data, nor was it intended to regulate the publication of biometric identifiers or information. Rather, BIPA is intended to generally regulate and protect individuals' biometric for the purpose of preventing an irreversible harm. It requires private entities, including Defendant, to secure written consent and a release, along with implementing and adhering to a publicly-accessible destruction policy to curb both public *and* non-public dissemination of biometric data. *See* 740 ILCS 14/1, *et seq*. However, allegations of a violation of BIPA are not comparable to allegations of publication of biometric data. The fact that BIPA protects an individual's privacy rights does not automatically bring it within the confines of the one-year limitations period under Section 13-201. Plaintiff does not allege any wrongful "publication" of her, or other employees', biometric data or information.

Simply put, publication is not a necessary element for a person to be aggrieved by a violation of BIPA. Plaintiff does not allege publication of her biometric data here, and as a result, her claims cannot be subject to the one-year limitations period. *See Webb v. CBS Broad. Inc.*, No. 08 C 6241, 2009 WL 1285836, at *3 (N.D. Ill. May 7, 2009) (finding plaintiff's publication-related privacy claims were time-barred under Section 13-201, but non-publication-related privacy claims were not). Accordingly, Defendant's contention that Plaintiff's claims are time-barred by a one-year statute of limitations must be rejected.

### 3. Plaintiff's Claims Are Likewise Not Governed By A Two-Year Statute of Limitations.

Nor does the two-year limitations period set forth in 735 ILCS 5/13-202 apply. Defendant, with tenuous support, attempts to recast BIPA twice: first, as a statute granting a cause of action

for personal injury, and second, as a penal statute. (D.E. 17, at *10.) While BIPA certainly imposes a duty on private entities like Greenwood, it was intended to protect the privacy of Illinois citizens' biometric data, not their physical life and safety, as tort liability does. *See Trans States Airlines v. Pratt & Whitney Can.*, 86 F.3d 725, 730 (7th Cir. 1996) (citing *Moorman Mfg Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982)). In contrast, the Illinois Supreme Court acknowledged that BIPA protects Illinois citizens' right to privacy in and control over their biometric data. *See Rosenbach*, 2019 IL 123186, ¶ 33. While an individual can have their rights "injured" by BIPA violations, such privacy right injuries are clearly not the personal injuries intended to be protected by tort law. *See Bourgonje v. Machev*, 362 Ill. App. 3d 984, 1000 (1st Dist. 2005) (endorsing the view that tort law duties are intended to protect physical safety).

Likewise, BIPA's prescribed remedies are clearly intended to be remedial rather than penal. When a statute is "designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils," it is remedial, not penal. *Scott v. Ass'n for Childbirth at Home, Int'l*, 88 Ill. 2d 279, 288 (1981). Remedial statutes may provide pre-calculated statutory damages, whether they are viewed "as a liquidated sum for actual harm, or as an incentive for aggrieved parties to enforce the statute, or both." *Standard Mut. Ins. Co. v. Lay*, 2013 IL 114617, ¶ 32. Penal statutes, in contrast, "subject[] one person to the payment of a sum of money to another without reference to any actual injury and without requiring him to allege or prove an actual injury." *Landis v. Marc Realty, LLC*, 235 Ill. 2d 1, 12-13 (2009) (citation omitted).

Thus, Greenwood is correct that a statutory penalty "must: (1) impose automatic liability for a violation of its terms, (2) set forth a predetermined amount of damages, and (3) impose damages without regard to the actual damages suffered by the plaintiff." D.E. 17, at *11 (quoting *Landis*, 235 Ill. 2d at 13). But neither the *Landis* decision nor Defendant's statutory penalty

argument is applicable here, as BIPA simply does not satisfy factors (2) or (3) of a statutory penalty noted in *Landis*. Unlike the landlord and tenant ordinance scrutinized in *Landis*, BIPA undeniably allows a prevailing party to recover "actual damages," not solely a statutory penalty. 740 ILCS 14/20. Therefore, the two-year limitations period "does not apply where a plaintiff may recover 'actual damages and exemplary damages with a cap.'" *Sternic v. Hunter Props., Inc.*, 344 Ill. App. 3d 915, 918 (1st Dist. 2003) (citation omitted); *see also Italia Foods, Inc. v. Sun Tours, Inc.*, 399 Ill. App. 3d 1038, 1065–66 (2d Dist. 2010), *as modified on denial of reh'g* (Apr. 5, 2010), *as corrected* (Apr. 27, 2010), *aff'd in part, vacated in part,* 986 N.E.2d 55 (rejecting that *Landis* compels conclusion that the Telephone Consumer Protection Act ("TCPA") is penal, because the landlord and tenant ordinance at issue in *Landis* "does not specifically allow a plaintiff to recover actual damages.").

In addition, statutory damages can be remedial, not penal. For example, the TCPA authorizes private enforcement and liquidated statutory damages of $500 per violation and $1,500 per willful and knowing violations. 47 U.S.C. § 227(b)(3)(B)-(C). Despite a predetermined damages scheme, the Illinois Supreme Court held that the TCPA's statutory damages were not punitive but remedial. *Standard Mut. Ins. Co.*, 2013 IL 114617, at ¶¶ 30-33. In so holding, the Court looked at the legislative history of the TCPA and determined that the goal of the law was not to punish advertisers, but to prevent them from shifting minor costs and annoyance onto consumers without consent. *Id.* at ¶ 31. Likewise, BIPA does not penalize private entities for using biometric technology; it simply requires disclosures, informed consent, and a retention policy so that private entities do not shift the cost to individuals of learning when, where, and how their biometric data is being collected, stored, used, and disclosed. Far from creating a system of penalties to punish private entities that violate BIPA's regulatory framework, the Illinois

legislature "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach*, 2019 IL 123186, ¶ 33 (citing *Patel v. Facebook, Inc.*, 290 F. Supp. 3d 948, 953 (N.D. Cal. 2018)).

Here, Plaintiff has clearly not alleged a personal injury, and she does not seek punitive damages. Rather, she alleges an injury to her legislatively-granted, remedial biometric privacy rights. Accordingly, the two-year statute of limitations set forth in Section 13-202 does not apply to Plaintiff's BIPA claims.

### 4. Plaintiff's Claims Are Timely.

Defendant's ongoing collection and storage of Plaintiff's biometric data did not cease until Defendant's BIPA violations ceased. As several courts have already held, the limitations period accrues on the date of Defendant's last violation of Plaintiff's BIPA rights. *See Cothron v. White Castle Sys.*, 477 F. Supp. 3d 723, 732 (N.D. Ill. 2020) ("A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent."). Plaintiff alleged that she worked for Greenwood throughout 2016, and that, during her employment, Greenwood required her to scan her fingerprint multiple times during each shift, in order to track her time. (Compl. ¶¶ 2-3, 28-29, 31, 42, 44.) Plaintiff further alleged that, each time she worked, Defendant violated BIPA by collecting and disclosing her biometric data without securing her with informed consent. (*Id.* ¶¶ 8, 32-33, 44, 47, 79-81, 89-90.) Finally, Plaintiff alleged that Defendant additionally violated BIPA when it collected her biometric data without publishing or adhering to a BIPA-compliant, publicly-available retention policy and deletion schedule.[3] (*Id.* ¶¶ 8, 36, 44, 46, 70-71.) "This is true the first time an entity scans a fingerprint …

---

[3] Defendant is wrong that Plaintiff "does not allege any subsequent conduct violating BIPA after her alleged employment ended." Plaintiff alleges that Defendant failed to delete her biometric data in accordance with Section 15(a), which required Defendant to delete Plaintiff's fingerprint data within three years of her last

but is no less true with each subsequent scan or collection." *Cothron*, 477 F. Supp. 3d at 732.

Accordingly, relying on Plaintiff's allegations, Plaintiff's claims would not become untimely until

December 2021, at the earliest.[4] Given that Plaintiff filed her Complaint on January 7, 2021, her

claims are timely. Defendant's Motion should be denied.

**B.      Plaintiff's Injury Is Not A "Compensable Injury" And Thus Not Preempted By The Workers' Compensation Act.**

Alternatively, sidestepping binding precedent, Defendant asserts that Plaintiff's BIPA

action is preempted by the exclusive remedy provisions of the Illinois Workers' Compensation

Act ("IWCA"), as it is accidental and compensable. (D.E. 17, at *12.) But Defendant's assertions

are directly contradicted by the Illinois Appellate Court's unanimous opinion in *McDonald v.*

*Symphony Bronzeville Park, LLC, et al.*, 2020 IL App (1st) 192398, which affirmed that the IWCA

does not preempt BIPA:

> [W]e fail to see how a claim by an employee against an employer for liquidated damages under [BIPA] – available without any further compensable actual damages being alleged or sustained and designed in part to have a preventative and deterrent effect – represents the type of injury that categorically fits within the purview of the Compensation Act, which is a remedial statute designed to provide financial protection for workers that have sustained an actual injury.  As such, we conclude that the exclusivity provisions of the Compensation Act do not bar a claim for statutory, liquidated damages, where an employer is alleged to have violated an employee's statutory privacy rights under [BIPA], as such a claim is simply not compensable under the Compensation Act.

*Id.* ¶ 27.

Despite Defendant's contentions to the contrary, it cannot escape the binding authority of

*McDonald*. *AAR Aircraft & Engine Group, Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001)

---

contact with Greenwood, or when the initial purpose for collecting the data had been satisfied, whichever occurred first.

[4] Relying on Defendant's representation of Plaintiff's actual employment records, which purportedly provide that Plaintiff worked for Defendant until April 2017, Plaintiff's claims would not actually become untimely until April 2022, at the earliest.

("When a state supreme court has not spoken on an issue, the decisions of the state's intermediate appellate courts are authoritative unless we have a compelling reason to doubt that they have state the law correctly."). As demonstrated by the fact that *every* trial court, on both the federal and state level, has also held that BIPA claims are not preempted by the IWCA, there is no reason to doubt that the Illinois Appellate Court has stated the law correctly, much less any compelling reason. *See Cothron v. White Castle Sys.*, 467 F. Supp. 3d 604, 616 (N.D. Ill. 2020); *Snider v. Heartland Beef*, 479 F. Supp. 3d 762, 768-70 (C.D. Ill. 2020); *Treadwell v. Power Sols. Int'l, Inc.*, 427 F. Supp. 3d 984, 992 (N.D. Ill. 2019); *Burlinski v. Top Golf*, 2020 WL 5253150, at *11 (N.D. Ill. Sept. 3, 2020); *Lenoir v. Little Caesar Ent., Inc.*, 2020 WL 4569695, at *4 (N.D. Ill. Aug. 7, 2020); *Peatry v. Bimbo Bakeries USA, Inc.*, 2020 WL 919202, at *6 (N.D. Ill. Feb. 26, 2020); *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020); *Wordlaw v. Enter. Leasing Co. of Chicago, LLC*, 2020 WL 7490414, at *2-3 (N.D. Ill. Dec. 21, 2020); *Sherman v. Brandt Indus. USA LTD.*, 2020 WL 6685701, at *6-7 (N.D. Ill. Nov. 12, 2020).[5]

Given the extensive and unbroken line of authority on the issue, it is unlikely that the Illinois Supreme Court will reverse the trial and appellate courts' rulings. Accordingly, Plaintiff's BIPA claims are not preempted by the IWCA. Greenwood's reasoning should be rejected and its motion denied.

C.     **A Stay Is Unwarranted, Given Defendant's Purported Justification for a Stay is Dramatically Outweighed By the Prejudice Plaintiff Would Suffer.**

In seeking dismissal based solely on timeliness and preemption under the IWCA, Defendant reveals its true objective: a stay of all further proceedings pending appeals in four

---

[5] *See* Group Exhibit B.

different courts.[6] (D.E. 16, Def.'s Mot. to Stay, at ¶¶ 2-4.) Defendant's request to stay is based solely on the hope that these appellate courts *might* deviate from the unbroken chains of rulings denying various defendants' contentions that claims for violations of BIPA are subject to a one- or two-year statute of limitations or preempted by the IWCA.[7] However, as explained *supra*, every trial court to have considered the questions at issue has uniformly determined that the statute of limitations is five years, and BIPA claims are not preempted by the IWCA. *See* Group Exhibit A; Group Exhibit B. As such, adverse rulings by the appellate courts on the issues raised in Defendant's motion to dismiss are unlikely and could take well over a year to fully resolve.

A "party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *May v. SmithKline Beecham Clinical Labs., Inc.*, 304 Ill. App. 3d 242, 246-47 (5th Dist. 1999) (internal citations omitted). A "fair possibility" of prejudice to the opposing party is all that is required to deny a stay of the proceedings." *Kaden v. Pucinski*, 263 Ill. App. 3d 611, 616 (1st Dist. 1994). In addition, courts may consider how a stay would impact the orderly administration of justice and judicial economy. "Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Defendant fails to meet its burden of demonstrating that good cause exists.

---

[6] Defendant cites appeals in *Tims v. Black Horse Carriers, Inc.*, No. 1-28-0563 (Ill. App. Ct. 1st Dist.); *Marion v. Ring Container Technologies, LLC*, No. 3-20-0184 (Ill. App. Ct. 3rd Dist.); *In Re: White Castle System, Inc.*, No. 20-8029 (7th Cir.); and *McDonald v. Symphony Bronzeville Park, LLC*, No. 126511 (Ill.).

[7] While Defendant attempts to shoehorn in the issue of accrual, accrual (and, in turn, the *Cothron* appeal) is simply not at issue here. (D.E. 16, at ¶ 3; D.E. 17, at *7-8.) Even if Plaintiff's claims accrued at Defendant's first collection of her biometric data, which they did not, her claims would be timely. Thus, the *Cothron* appeal will not be outcome determinative of Plaintiff's claims and does not warrant a stay.

Justice delayed is justice denied. *See Daewoo Int'l v. Monteiro*, 2014 IL App (1st) 140573, ¶¶ 90-91; *Gray v. Gray*, 6 Ill. App. 2d 571, 578-79 (1955) ("'Justice delayed is justice denied,' and regardless of the antiquity of the problem and the difficulties it presents, the courts and the bar must do everything possible to solve it."). Defendant dismissively contends that "Plaintiff will suffer no prejudice," suggesting Plaintiff can wait longer because she "waited years" to file her lawsuit. (D.E. 16, at ¶ 8). Defendant is wrong.

First, there is nothing brief about the appeal process. That simple fact is amplified when addressing appeals in three different venues, all at varying stages of the appeals process. A pattern of additional appeals is possible, if not likely, to follow rulings issued in the present appeals. At the end of the day, Defendant should not be granted an indefinite, months- or years-long stay merely because it dislikes how the law on these issues has developed. In light of the fact that authority on the issues on appeal is well established, a stay is not warranted by the pending appeals. *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985) (affirming denial of stay pending appeal where the district court considered likelihood of success as a factor); *Burlinski v. Top Golf USA Inc., et al.*, 1:19-cv-06700, 2021 WL 425111, at *1 (N.D. Ill. Feb. 4, 2021) (denying a second motion to stay on the grounds that "Defendants have not carried their burden to justify a stay" because "there is in insufficient likelihood of success on [] the statute of limitations defense…"); *Mintun*, 2020 WL 1700328, at *5 ("Without ruling on the question directly, the Court concludes it is unlikely that a state appellate court would rule that the IWCA preempts BIPA. Accordingly, it is also unlikely that a stay of the proceedings will streamline the issues for trial or reduce the burden of litigation on the parties…").

Further, when Plaintiff filed suit has nothing to do with whether a stay is prejudicial *now*. A stay would prejudice Plaintiff by depriving her of the right to an expedient pursuit of her claims

and, if successful, to collect damages. *See Davies ex. Rel. Harris v. Pasamba*, 2014 IL App (1st) 133551, ¶¶ 55-64 (reversing stay because it would prejudice plaintiff seeking to recover monetary damages); *Heim v. Herrick*, 344 Ill. App. 3d 810, 814 (4th Dist. 2003) (same). Defendant's violations of BIPA are ongoing and continuous. There is no indication Defendant has come into compliance with the simple parameters of BIPA, and with every day that passes, its conduct compounds Plaintiff's injury and the injuries of putative class members. As the Illinois Supreme Court made clear in *Rosenbach*, in enacting BIPA, the Illinois legislature sought to protect an individual's right to control their biometric data. 2019 IL 123186, ¶ 33. By harvesting Plaintiff's and other employees' biometric identifiers without consent, Defendant robbed them of that right. The only party that would be served by the proposed stay is Greenwood, who remains in control of Plaintiff's illegally seized biometric identifiers and biometric information. To grant a stay would allow Defendant to continue to benefit from its violations indefinitely and would discourage, rather than promote, judicial economy.

As Defendant fails to carry its burden to show that Plaintiff would suffer no prejudice were its request granted and fails to demonstrate that a stay would promote judicial economy, Defendant's request to stay this matter indefinitely must be denied.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court enter an Order denying Defendant's Motion to Dismiss Plaintiff's Class Action Complaint and Motion to Stay Proceedings and granting any further relief the Court deems equitable and just.

Date:   April 9, 2021                               Respectfully Submitted,

                                                    */s/ Paige L. Smith*

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on April 9, 2021, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

*/s/ Paige L. Smith*